347 P.2d 836

Calvin M. KEMPF and Mary B. Kempf, his wife, Plaintiffs and Appellants,

v.

Jack H. DENTER and Ohrea N. Denter, his wife, Defendants and Respondents.

No. 9032.

Supreme Court of Utah.

Dec. 23, 1959.

Olsen & Chamberlain, Richfield, for appellants.

Bushnell, Crandall & Beezley, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment entered on a verdict in favor of defendants on their counterclaim for rescission of a contract for the sale of a motel to them by plaintiffs, who sued for breach of such contract. Affirmed with costs to defendants.

After negotiations extending over a period of many months defendants took possession of the motel and operated the same with the help of plaintiffs for several months, and thereafter by themselves, when, after about eight months, they notified plaintiffs they were rescinding the sale on the grounds of misrepresentation. They asserted that plaintiffs without basis in fact represented, among other things, that (1 the motel was plaintiffs' only source of income; (2 that plaintiffs had accumulated a bank account therefrom that in fact did not exist; (3 that the income therefrom was sufficient to gross its sales price in two years; (4 that the income was sufficient to pay for necessary hired help; (5 that the lowest net income would be $10,000, etc.

We are convinced that no good purpose would be served by canvassing in this opinion all or any extensive part of the conflicting evidence reflected in the rather voluminous record. We are not unmindful of the authorities cited by both sides and are not in disagreement with their correctness. However, an examination of the pleadings, record and instructions given, convinces us that under familiar principles of appellate review in law and equity cases, the contentions of plaintiffs that the trial court erred in failing to find for plaintiffs as a matter of law, and in admitting certain exhibits in evidence, cannot be sustained on the basis of undisputed fact or action by the jury amounting to bias and prejudice.

CROCKETT, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.